UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

TANYA LEE FISHER,

    Plaintiff,

v.                                                        Civil Action No. _____

SUNRISE CREDIT SERVICES, INC.
Serve:  Sunrise Credit Services
260 Airport Plaza
Farmingdale, NY  11735-3946

    Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. When it enacted the Fair Debt Collections Practices Act ("FDCPA"), Congress found there to be abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Two of Congress' stated purposes in enacting the FDCPA were to eliminate abusive and deceptive debt collection practices by debt collectors, and to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged.  U.S. v. National Financial Services, Inc., 98 F.3d 131, 135 (4th Cir. 1996).

2. This is an action by a consumer seeking damages and declaratory relief for the violations of obligations owed to the Plaintiff, Tanya Lee Fisher, by Defendant, Sunrise Credit Services, Inc., under 15 U.S.C. §§1692 et seq., which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331; the FDCPA, 15 U.S.C. § 1692k(d); and the FCRA, 15 U.S.C. § 1681p.

4. The Plaintiff is a resident of Albemarle County, Virginia.

5. The Defendant is upon information and belief a corporation organized and existing under the laws of the State of New York, with its principal place of business located at 260 Airport Plaza, Farmingdale, NY 17735-3946.

6. Upon information and belief, Defendant was hired or contracted by Avon Products to collect a debt; or Avon Products sold, transferred or assigned the subject debt to Defendant.

1

7.  Plaintiff received at least five collection letters from Sunrise Credit Services dated February 14, 2007, February 28, 2007, March 14, 2007, March 28, 2007, and April 11, 2007, copies of which are attached hereto and incorporated herein collectively as "Exhibit A."

8.  The collection letters state that Defendant is a "Debt Collector" and that the "client" is Avon Products.

9.  None of the aforesaid letters included a validation notice, a right to dispute notice or a right to have verification notice.

10. On or about March 7, 2007, Plaintiff paid the amount of $15.00 via Moneygram to Defendant, a copy of the receipt is attached hereto and incorporated herein as "Exhibit B."

11. Neither the March 14, 2007, March 28, 2007 nor April 11, 2007 collection letters reflected the $15.00 payment made by Plaintiff.

12. In fact, the March 28, 2007 and April 11, 2007 collection letters show an increase in the amount owed by Plaintiff to $275.08 from $265.46.

13. In its demands for payment, Defendant violated the following provisions of the Fair Debt Collection Practices Act for the following reasons:
    (a) not crediting the $15.00 payment made by Plaintiff on March 7, 2007 violated Sections 1692e(2) and f(1);
    (b) increasing the amount Plaintiff owed by $9.62 violated Sections 1692e(2) and f(1);
    (c) failing to send Plaintiff a 30-day validation notice within five days of the initial communication violated Section 1692g;
    (d) failing to state within five days of the initial communication that Plaintiff had the right to dispute the debt within 30 days violated Section 1692g(a)(3);
    (e) failing to state within five days of the initial communication that Plaintiff had the right to have verification of the debt or a copy of a judgment mailed to her violated Section 1692g(a)(4); and
    (f) failing to state within five days of the initial communication that Defendant will provide the name and address of the original creditor if different from the current creditor violated Section 1692g(a)(5).

14. Plaintiff has been agitated, annoyed, traumatized, emotionally damaged and has otherwise been unduly inconvenienced by the actions of Defendant.

15. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages of $1,000.00 for each violation of the FDCPA, her attorney's fees and expenses, and punitive damages.

WHEREFORE, Plaintiff having set forth her claims for relief against Defendant respectfully prays of the Court as follows:

A. That Plaintiff have and recover against Defendant a sum to be determined by the Court in the form of actual damages;

B. That Plaintiff have and recover against Defendant a sum to be determined by the Court in the form of statutory damages;

C. That Plaintiff have and recover against Defendant all reasonable legal fees and expenses incurred by her attorney; and

D. That the Plaintiff have and recover against the Defendant a sum to be determined by the Court in the form of punitive damages for the willful violations of these acts and to prevent Defendant from making non-compliance with federal law a profit center.

**TRIAL BY JURY IS DEMANDED**

Respectfully submitted,

TANYA LEE FISHER

By Counsel

Dated: February 14, 2008.

/s/ Marshall M. Slayton
MARSHALL M. SLAYTON, VSB # 37362
BOYLE, BAIN, REBACK & SLAYTON
420 Park Street
Charlottesville, VA  22902
Phone:  (434) 979-7900
Counsel for Debtors/Plaintiffs

K:\Home\Marshall\Client Files\Fisher, Billy & Tanya\
AP v. Sunrise Credit Services\Complaint (Sunrise Credit).doc